FILED
Clerk
District Court
OCT 10 2017
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FREDERICK L. NOSEK, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAIPAN SEA VENTURES, INC., and SAIPAN USA FISHERIES, INC., <br><br> Defendants. <br><br> SAIPAN SEA VENTURES, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MARK J. HEATH, <br><br> Third-Party Defendant. | Case No. 1:17-CV-00003 <br><br> DECISION AND ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING REMAINING CLAIMS |

## I. INTRODUCTION

Before the Court is Third-Party Defendant Mark J. Heath's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), filed June 15, 2017 (ECF No. 2). Heath seeks dismissal of the third-party complaint made against him by Third-Party Plaintiff Saipan Sea Ventures, Inc. ("SSV"). The motion has been fully briefed by Heath and SSV,[1] and the parties have stipulated to submit it for decision without oral argument. Having carefully considered the arguments presented in the briefs, the Court will grant the motion, dismiss the third-party complaint with prejudice, and remand the remaining matter to the CNMI Superior Court.

---

[1] In addition to the motion itself, the papers submitted by the parties include Third-Party Plaintiff SSV's Opposition to Heath's Motion to Dismiss (ECF No. 5) and Heath's Reply (ECF No. 6). The Court will also refer to the Complaint (ECF No. 1-1) and the Third-Party Complaint ("TPC," ECF No. 1-2).

1

## II. BACKGROUND

Defendant Saipan USA Fisheries ("SUSAF") owned the vessel *Miss Saipan*. (Compl., ECF No. 1-1, ¶ 6.) SUSAF leased space at Delta Dock in the Port of Saipan from Defendant/Third-Party Plaintiff Saipan Sea Ventures ("SSV") and moored the *Miss Saipan* there. (Compl. ¶¶ 5–6.) During Typhoon Soudelor, August 2–3, 2015, the *Miss Saipan* broke loose and struck the *Dolphin Quest*, a vessel owned by Plaintiff Frederick Nosek, Jr., before running aground on the dock. (Compl. ¶ 9.)

On April 5, 2016, Nosek filed suit in the Commonwealth Superior Court against SSV and SUSAF for negligence. In turn, on November 22, 2016, SSV filed a third-party complaint against Mark J. Heath, bankruptcy trustee for SUSAF, which on June 17, 2015, had filed for Chapter 7 bankruptcy in this district. (*In Re: Saipan USA Fisheries, Inc.,* 1:15-bk-00004 (Bankr. D. N. Mar. I.)) SSV alleged that when the typhoon was approaching, Heath had control of the *Miss Saipan* and negligently left it at Delta Dock. (TPC ¶ 18, ¶¶ 29–33.) SSV also brought trespass and indemnity claims against Heath. The trespass action hinges on SSV's claim that the docking fees for the *Miss Saipan* had not been paid since March 2015, and that Heath was aware of this. (TPC ¶ 7.)

On February 3, 2017, Heath removed the case to federal district court. (Notice of Removal, ECF No. 1.) No party moved to remand. *See* 28 U.S.C. § 1447 (motion to remand because of defect other than lack of subject matter jurisdiction must be made within 30 days after filing of notice of removal).

## III. LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of

limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publ'g Co. v. Gen Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## IV. DISCUSSION

Heath asserts that (1) the third-party claims against him are barred because, under the so-called *Barton* doctrine, a trustee cannot be sued without first obtaining leave of the bankruptcy court, and SSV did not do so; and (2) in the alternative, his actions as bankruptcy trustee are protected by quasi-judicial immunity. (MTD 3–4.) SSV responds that (1) the *Barton* doctrine does not apply, but if it did apply, the defect was cured when the case was removed to a consolidated district and bankruptcy court; and (2) Heath is not immune from liability. (Opp. 1–6.) Heath replies that he comes under *Barton* protection because as a Chapter 7 trustee he was not "carrying on" SUSAF's business; and (2) he is protected by quasi-judicial immunity because the claims arise out of the performance of his duties as Chapter 7 trustee. (Reply 1–5.)

In the Ninth Circuit, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the

3

bankruptcy court for acts done in the officer's official capacity." *Beck v. Fort James Corp.* (*In re Crown Vantage, Inc.*), 421 F.3d 963, 970 (9th Cir. 2005) (citing *In re Kashani,* 190 B.R. 875, 883–85 (9th Cir. BAP 1995)). This rule is grounded in *Barton v. Barbour,* 104 U.S. 126 (1881), in which the Supreme Court held that a receiver cannot be sued without leave of the court that is administering the estate. *See In re Crown Vantage,* 421 F.3d at 969 n.4. *Barton* implicates subject matter jurisdiction and may be raised at any time. *Id.* at 971 n.5.

Congress has created a statutory exception to *Barton*. "Trustees, receivers or managers of any property . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959(a). A trustee's actions attendant to administering and liquidating the estate, such as steps to collect, preserve, and hold assets, do not amount to "carrying on business." *In re DeLorean Motor Co.,* 991 F.2d 1236, 1241 (6th Cir. 1993). Breaches of fiduciary duty in administering the bankruptcy estate do not fall within § 959(a)'s limited exception. *In re Kashani,* 190 B.R. at 884. The exception "applies only if the . . . officer is actually operating the business, and only to 'acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *In re Crown Vantage,* 421 F.3d at 971–72 (quoting *Muratore v. Darr,* 375 F.3d 140, 144 (1st Cir. 2004)).

In this case, Trustee Mark Heath was not "carrying on business" of debtor SUSAF. Therefore, the statutory exception to the *Barton* doctrine does not apply. On its face, the third-party complaint fails to plead facts that would show that Heath was carrying on SUSAF's business, even if only with respect to the *Miss Saipan*. Rather, the theory behind SSV's tort claims seems to be that Heath had an obligation to operate SUSAF's business and act as custodian of its property, but instead did nothing. Yet in support of this theory, SSV merely

4

states a legal conclusion that all "legal right or power of possession or control over [SUSAF's] assets [the *Miss Saipan* and another vessel] . . . vested in the bankruptcy trustee[.]" (TPC ¶ 10.) The only factual basis for the assertion is that SUSAF's lawyer told SSV in an email that Heath had control of the vessel. (TPC ¶ 13.) SSV does not point to any actions Heath took that demonstrate he was "operating the business," *In re Crown Vantage,* 421 F.3d at 971–72, nor does it call attention to any order of the bankruptcy court vesting such special powers in the trustee.

The Chapter 7 trustee's statutory duties are set forth at 11 U.S.C. § 704. They include collecting the estate property and reducing it to money, and accounting for all property received. 11 U.S.C. § 704(a)(1),(2). If discharge of these duties constituted "carrying on business," the limited exception of § 959(a) would swallow the *Barton* doctrine. The statute calls on the trustee to administer the estate, not to carry on the debtor's business, and the administrative acts do not give rise to the § 959(a) exception. *See In re DeLorean Motor Co., op. cit.; In re Kashani, op. cit*. The bankruptcy court must separately authorize the trustee to manage the business. 11 U.S.C. § 721. Section 704(a)(8) further provides that "if the business of the debtor is authorized to be operated," the trustee is called to perform further duties. Here, there is no showing that Heath was authorized by the bankruptcy court to operate SSV's business.

The cases that SSV cites in support do not help its cause. *In re I.J. Knight Realty Corporation* concerned a Chapter 11 reorganization of a business, not a Chapter 7 liquidation. 242 F. Supp. 337, 338 (E.D. Pa. 1965). The court expressly authorized the receiver to operate Knight Realty. *Id.* Likewise *Thompson v. Texas Mexican Railway Company* involved a Chapter 11 business reorganization – in this case, a railroad – in which "[o]peration of the trains is plainly a part of the trustee's functions." 328 U.S. 134, 138 (1946). In *Medical Development*

5

*International v. California Department of Corrections and Rehabilitation,* the district court had appointed a receiver for the state corrections department, had charged the receiver with "provid[ing] leadership and executive management" to the department, and had assigned the receiver the "duty to control, oversee, supervise and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component" of the department. 585 F.3d 1211, 1213 (9th Cir. 2009). SSV points to *Medical Development* as approving "suits for wrongful use of another's property[.]" *Id.* at 1218. But there still needs to be a showing that the trustee who (allegedly) wrongfully used another's property did so in the course of carrying on a business with which he has been entrusted. SSV makes no such showing.

SSV argues in the alternative that "even if there was, initially, a *Barton* problem with SSV's claim against Heath, it was cured when the claim was removed to this court." (Opp. 3.) According to SSV, removal of the action to "the 'district court' in this district is the functional equivalent of a removal to the bankruptcy court" in which SUSAF filed under Chapter 7. (Opp. 4.) In the states, federal district courts are authorized under Article III of the Constitution, whereas bankruptcy courts are Article I courts. Each federal district (except in Arkansas) maintains a separate bankruptcy court and United States District Court. In contrast, in the CNMI, there is no bankruptcy court and no United States District Court. There is only the "District Court for the Northern Mariana Islands," 48 U.S.C. § 1821(a), created under Article IV (the "Territories Clause"), *see United States v. Dowai,* 839 F.3d 877, 879–80 (9th Cir. 2016), which has "the jurisdiction of a District Court of the United States, including . . . that of a bankruptcy court of the United States," 48 U.S.C. § 1822(a). There is no need to decide this issue, however, because SSV never came to this Court (sitting in bankruptcy or otherwise) to seek permission

*before* it filed its third-party complaint in Commonwealth Superior Court, as required by *Barton* and *In re Crown Vantage*. Ultimate removal to the proper bankruptcy court does not cure the defect. "Allowing the unauthorized case to proceed would be contrary to the policies that the *Barton* doctrine is intended to advance." *In re Summit Metals, Inc.,* 477 B.R. 484, 497 (Bankr. D. Del. 2012); *accord In re Trafford Distributing Center, Inc.,* 520 B.R. 147, 154–55 (Bankr. S.D. Fla. 2014).

Because Heath was not carrying on business connected with SUSAF's bankruptcy estate, and because SSV did not get prior permission to sue in another jurisdiction from the appointing bankruptcy court, the district court lacks subject matter jurisdiction and must dismiss the third-party complaint.

Because the Court has determined it lacks jurisdiction, it does not reach the question of quasi-judicial immunity, an affirmative defense that, if raised at all in a motion to dismiss, should be brought under Rule 12(b)(6), not Rule 12(b)(1). *See Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir. 1998) (observing that it is "well established that an affirmative defense of official immunity . . . may be resolved by Rule 12(b)(6) if clearly established by the allegations within the complaint").

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Third-Party Defendant Mark J. Heath's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 2) and DISMISSES the third-party complaint with prejudice. *Cf. In re Summit Metals, op. cit.,* and *In re Trafford Distributing Center, op. cit.* (granting motions to dismiss and dismissing with prejudice). Because there is no longer any basis for federal jurisdiction over this action, the above-captioned matter is remanded to the CNMI Superior Court.

The Clerk is directed to enter judgment on the third-party complaint in favor of Third-Party Defendant Mark J. Heath, close the case, and remand the matter to the CNMI Superior Court.

SO ORDERED this 10th day of October, 2017.

/s/ *signature*
RAMONA V. MANGLONA
Chief Judge